IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50675
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DAVID CARO-GRIMALDO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CR-232-ALL-DB
--------------------
February 20, 2003
Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     David Caro-Grimaldo appeals the sentence imposed following
his guilty plea conviction of illegal reentry into the United
States after deportation.  He argues that the district court
erroneously enhanced his sentence by eight levels by categorizing
his prior felony conviction for possession of a controlled
substance as an aggravated felony under the 2001 version of
Sentencing Guidelines § 2L1.2(b)(1)(C).  Caro argues that he
should have received only the four-level adjustment provided

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

in § 2L1.2(b)(1)(D) for "any other felony."  Caro's arguments were recently rejected by this court in <u>United States v. Caicedo-Cuero</u>, 312 F.3d 697, 706-11 (5th Cir. 2002).

Caro also contends that the sentence-enhancing provisions contained in 8 U.S.C. § 1326(b) are facially unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  Caro acknowledges that his argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but seeks to preserve the issue for further review.

AFFIRMED.